UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GIRALDES, | No. 2:14-cv-726-EFB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| OANIA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se in action brought under 42 U.S.C. § 1983, has filed a motion for a temporary restraining order. He seeks to prohibit the defendants from limiting his phone privileges in an alleged effort to obstruct plaintiff's prosecution of this case. ECF No. 20. As discussed below, the motion must be denied.

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). "The standards for granting a temporary restraining order and a preliminary injunction are identical." *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an

1

analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order).

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the courts ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff proceeds in this action on a claim that defendants Oania and Casas retaliated against him by denying him phone privileges. However, plaintiff does not establish that he is likely to succeed on this claim and a preliminary injunction requiring all seven defendants in this action to provide plaintiff with phone access must be denied. Plaintiff's motion is not accompanied by a sworn declaration or any other evidence establishing a likelihood of success in this action, or that the injunction sought is necessary to preserve the court's ability to grant

2

1. effective relief on his claims and that it is the least intrusive means for doing so.  Plaintiff does
2. not demonstrate that he is entitled to phone privileges.  Further, he makes only general allegations
3. that the restriction on his phone privileges is "obstruct[ing] this case," and does not demonstrate
4. that he will suffer irreparable harm without the court's intervention.  Plaintiff also fails to present
5. evidence establishing that the balance of equities tips in his favor.  Nor is there a showing that the
6. requested injunctive relief is in the public interest.  Thus, plaintiff has not made the showing
7. required to meet his burden as the party moving for injunctive relief, and his request must be
8. denied.

   Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

   Further, IT IS HEREBY RECOMMENDED that plaintiff's motions for injunctive relief (ECF No. 20) be denied.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

   DATED: October 19, 2015.

   EDMUND F. BRENNAN
   UNITED STATES MAGISTRATE JUDGE