UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GIRALDES,<br><br>    Plaintiff,<br><br>    v.<br><br>OANIA, et al.,<br><br>    Defendants. | No.  2:14-cv-726-JAM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983.  He proceeds on his third amended complaint (ECF No. 13), which asserts First Amendment retaliation claims against defendants Oania, Casas, Tuers, Hampton, Macomber, Lynch, and Jibson.  Plaintiff moves for a preliminary injunction based on his perceived breach of a settlement agreement in *Giraldes v. Hicombothem*, 1:09-cv-0154-SKO, a case that is venued in Fresno and concerns plaintiff's medical condition.  He also requests a stay of all proceedings.  For the reasons stated below, plaintiff's motions must be denied.

**I.    Motion for a Preliminary Injunction**

As plaintiff characterizes his motion, he seeks an order compelling defendant Macomber "to cease his failure to comply with the lawful and binding SETTLEMENT AGREEMENT that mandates needed medical provisions, as have been continued for the last six years, to protect plaintiff from irreparable harm clearly documented by *Giraldes v. Hicimbothem* and *Giraldes v.*

1

*Roche*, the two settled cases that prove what will happen to plaintiff by this courts failure to protect him from further retaliation by defendants agents." ECF No. 59 at 3.

      A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.,* 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). A party seeking preliminary injunctive relief must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." *Id.* In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

      Here, the complaint does not seek enforcement of or relate to the terms of the *Hicimbothem* settlement agreement and none of the defendants in this action were defendants in the *Hicimbothem* action. This action does not currently include a breach of contract claim, nor is it proceeding on any claim concerning plaintiff's medical needs. *See* ECF No. 13; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) (explaining that an action regarding enforcement of a settlement agreement sounds in contract). Thus, the current

1  motion for a preliminary injunction does not address likelihood of success on the merits of this
2  case or show how serious questions are raised going to the merits of this action.

3  Moreover, plaintiff has requested similar relief in the *Hicombothem* action itself. *See*
4  *Giraldes v. Hicombothem*, 1:09-cv-0154-SKO, ECF Nos. 57, 58. Magistrate Judge Oberto
5  ordered the defendants in that action to provide a response to plaintiff's motions, and those
6  defendants are better equipped to respond to plaintiff's concerns regarding the terms of the
7  *Hicombothem* settlement agreement. *See Hicombothem*, ECF No. 59.

8  In addition, plaintiff's motion fails to demonstrate that issuance of the requested injunctive
9  relief is in the public's interest or that the balance of the equities weighs in plaintiff's favor.

10  For these reasons, plaintiff's motion for a preliminary injunction should be denied.

11  **II.    Motion for a Stay**

12  Plaintiff requests that this action be stayed because he "lost over 12 pounds in less than
13  three weeks, and [is] in too extreem [sic] of pain to continue prosecuting this case." ECF No. 58
14  at 1. According to plaintiff, he is "physically unable to function beyond the most simple things."
15  *Id.* at 2. He argues that his "physical incapacity warrents [sic] permanent STAY until he is
16  physically able to continue."[1] *Id.* at 3.

17  Plaintiff's has not shown that he is physically unable to prosecute this action. Rather, his
18  filings in this and the *Hicombothem* actions demonstrate his ability to timely draft and file
19  coherent documents with the court. *See, e.g.,* ECF No. 64 (plaintiff's May 25, 2016 "objections"
20  to defendants' May 13, 2016 filing); *Hicombothem*, ECF No. 68-70 (plaintiff's May 25, 2016
21  filings in response to defendants' May 13, 2016 filing).

22  Plaintiff's claimed need for an open-ended stay in this action is also undermined by the
23  declarations submitted in the *Hicombothem* action, which demonstrate that plaintiff is receiving
24  more calories than is necessary for good health and that he is receiving pain treatment at a safe

---

[1] Plaintiff requests an order requiring defendants to provide him with access to his medical records so that he can submit additional evidence. ECF No. 61. However, plaintiff has not shown that court intervention is necessary. He does not state whether he properly requested from prison officials the opportunity to review his medical records and if so, how they responded to that request. The court also notes that plaintiff attached several medical records to a more recent filing, suggesting that he has since gained access to his medical records. *See* ECF No. 64.

and effective level.[2]  According to A. Nicolai, the registered dietician at California State Prison, Sacramento ("CSP-Sac"), medical staff discontinued some of plaintiff's snacks and nutritional supplements because plaintiff's body mass index put him in the overweight range.  ECF No. 62-4, Ex. 3 at 85-88, ¶¶ 1, 5-6.  Plaintiff subsequently lost approximately fifteen pounds over the course of two months.  *Id.* ¶ 10.  Since then, an additional liquid nutritional supplement was reinstated, and plaintiff began receiving frequent small meals from the kitchen instead of just snacks.  *Id.* ¶ 11, 13.  According to the dietician, plaintiff is currently receiving more calories than his nutritional needs require.  *Id.* ¶ 8.

As for plaintiff's reports of pain, M. Bobbala, the Acting Chief Medical Executive at CSP-Sac, states that plaintiff exhibited no objective withdrawal symptoms when his morphine dosage was tapered in March of 2016, suggesting that plaintiff was never ingesting all of the morphine provided to him.  ECF No. 62-3, Bobbala Decl. at 8-16, ¶¶ 10-16.  In addition, medical evaluations and observations do not corroborate plaintiff's written complaints of pain.  *Id.*  Instead, plaintiff has been seen laughing and smiling, without the appearance of any physical distress.  *Id.* ¶¶ 10, 13.

Plaintiff's claim that he needs an open-ended stay of proceedings in this action because he is "physically incapacitated" is not supported by the record and his request should therefore be denied.  Should plaintiff need additional time to comply with any future deadlines in this action, he may file a request for an extension of time supported by good cause.

**III.    Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 59) and motion to stay (ECF No. 58) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written

---

[2] Plaintiff argues that prison officials are not satisfying his nutritional needs and pain management needs as set forth in the *Hicombothem* settlement agreement.  As noted, however, the terms of that settlement agreement are not at issue in this case and the defendants in the *Hicombothem* action are better equipped to respond to plaintiff's concerns in that regard.

4

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 23, 2016.

                        EDMUND F. BRENNAN
                        UNITED STATES MAGISTRATE JUDGE