UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY GIRALDES,

    Plaintiff,

v.

OANIA, et al.,

    Defendants.

No. 2:14-cv-726-JAM-EFB P

ORDER

    Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. He proceeds on his third amended complaint (ECF No. 13), which asserts First Amendment retaliation claims against defendants Oania, Casas, Tuers, Hampton, Macomber, Lynch, and Jibson. This order addresses several miscellaneous motions filed by plaintiff and defendants.

**I.    Plaintiff's Motion to Amend (ECF No. 48)**

    Plaintiff seeks leave to amend his complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. ECF No. 48. He does not want to add any new claims or defendants, *id.* at 4, but instead states that the allegations in the operative complaint are too "specific" and would like to make clear, through an amended complaint, that the defendants' alleged retaliatory acts are part of a "pattern" that emerged after he became well known as an inmate who files prison appeals and lawsuits. *Id.* at 1; ECF No. 49 at 3. Plaintiff claims he was prompted to amend his complaint because of defendants' "boilerplate" relevance objection to his requests for

1

1    discovery seeking information about retaliatory acts that are similar to but not exactly the same as
2    those alleged in the operative complaint.  ECF No. 48 at 1.

3        Defendants oppose the motion on the ground that it will "cause undue delay" because the
4    court will have to screen the amended complaint.  ECF No. 54 at 2.  Defendants also argue that
5    the motion is futile because plaintiff does not seek to add any claims.  *Id.* at 3.

6        Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires,"
7    and the Ninth Circuit has directed courts to apply this policy with "extreme liberality," *DCD*
8    *Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  When determining whether to
9    grant leave to amend under Rule 15(a)(2), a court should consider the following factors:  (1)
10   undue delay, (2) bad faith, (3) futility of amendment, and (4) prejudice to the opposing party.
11   *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Granting or denying leave to amend rests in the
12   sound discretion of the trial court, and will be reversed only for abuse of discretion.  *Swanson v.*
13   *U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

14       Here, there is no indication that plaintiff, who is appearing pro se, unduly delayed in
15   requesting leave to amend or that his filing was made in bad faith.  And because the amendments
16   do not add claims or defendants, the screening burden on the court is minimal and will not unduly
17   delay the progress of this case.  The amendments are also not futile because they clarify plaintiff's
18   allegation that he has been subjected to a pattern of similar retaliatory acts beyond those
19   specifically alleged in the complaint.  Plaintiff's motion to amend is therefore granted and this
20   case will proceed on the fourth amended complaint (ECF No. 49).

21       For purposes of 28 U.S.C. § 1915A(a), the court finds that the fourth amended complaint
22   (like the third amended complaint) states potentially cognizable First Amendment retaliation
23   claims against defendants Oania, Casas, Tuers, Hampton, Macomber, Lynch, and Jibson.  *See*
24   ECF No. 49 (alleging the following acts of retaliation: (1) that Oania and Casas continued to deny
25   plaintiff phone privileges; (2) that Tuers drafted a false disciplinary report and Hampton made a
26   false finding of guilt; and (3) that Macomber, Lynch and Jibson acted to further the retaliation
27   against plaintiff).
28   */////*

**II.     Plaintiff's September 25, 2015 Motion to Compel (ECF No. 30)**

**A. Macomber's Responses to Request for Production (RFP) Nos. 1, 2, 4, 6, 8, 11, 13**

RFP No. 1 sought "Plaintiff's '114-D Log' maintained upon him in the Outpatient Housing Unit at CSP Sacramento, from August 1, 2012 until present date."

In response, defendant produced a copy of the 114-D form that plaintiff received during the relevant timeframe.

Plaintiff argues that the document produced by defendant is irrelevant. He explains that he is not looking for the 114-D *form* regarding the decision to place an inmate in administrative segregation, but rather, the *log* that is kept by staff to record "daily notes of importance." ECF No. 30 at 3. Defendant argues that under CDCR regulations, a "114-D" is a "notice" and not a "log," and he has therefore satisfied plaintiff's request. ECF No. 32 at 4-5 (citing Cal. Code Regs. tit. 15, § 3336). It is clear that plaintiff is seeking some type of daily activity log that prison officials must maintain to keep track of all significant information regarding an inmate. Regardless of whether such a log is properly designated as a "114-D," defendant shall search for and produce any responsive documents. Defendant's objections to the request as irrelevant, vague and ambiguous, and equally available to plaintiff, are overruled.

RFP No. 2 sought "The staff 'sign-in log' maintained in the Outpatient Housing unit (OHU) showing staff's name and time they enter into the OHU from September 1, 2013 until the present."

In response, defendant objected on the grounds that the request is not relevant to a claim or defense in this lawsuit or reasonably calculated to lead to the discovery of admissible evidence, and that the request is overly broad and unduly burdensome because it will require redaction of first names and badge numbers. ECF No. 32 at 2.

As defendant notes, plaintiff filed this action on March 20, 2014, and it is unclear as to why plaintiff would need staff sign-in log books dating through the present. ECF No. 32 at 2. In that respect, the request is overbroad. Defendant's remaining objections, however, are overruled. Plaintiff explains that the requested log is relevant because it will substantiate (or refute) his own notes and provide him with names of potential staff witnesses. ECF No. 30 at 3. Plaintiff's

3

1  motion to compel is granted as to this request, but limited to the time period of September 1, 2013
2  through March 20, 2014.
3     RFP No. 4 sought "All emails between staff that relate to the issues of retaliation and
4  phone usage by plaintiff Giraldes, including Complaint inquiry investigation and information
5  gathering."
6     Defendant's response stated that "following a diligent search, no e-mails related to
7  retaliation or phone usage were located."
8     In the motion to compel, plaintiff requests more information about how and where
9  defendant searched for the requested emails.  ECF No. 30 at 3.  Plaintiff's request in this regard is
10 granted.  To the extent defendant maintains that there are no responsive documents, he shall
11 provide plaintiff with a verification detailing the search that was conducted, signed by an
12 individual with personal knowledge of those details and the results, and certifying that no
13 responsive documents were found.[1]
14    RFP No. 6 sought "All Men's Advisory Committee (MAC) meeting 'minutes' or other
15 report of issues brought to defendant Macomber, or his designee, at the MAC meetings at CSP
16 Sacramento."
17    In response, defendant objected to the request as overly broad, unduly burdensome, and
18 irrelevant.
19    The motion to compel does not address these objections.  The open-ended date range
20 causes the request to be overbroad and the relevance of the Men's Advisory Committee Meeting
21 minutes to this retaliation case is unknown.  Plaintiff's motion is denied as to this request.
22 /////

---

[1] In this regard, defendant is admonished that "[t]he obligation to produce responsive documents extends to all documents over which the party has control, not merely possession.  *See McBryar v. Int'l Union of United Auto. Aerospace & Agr. Implement Workers of Am.*, 160 F.R.D. 691, 695-96 (S.D. Ind. 1993) (holding that organizations must produce documents within the possession of their officers or agents/employees); *Triple Five v. Simon*, 212 F.R.D. 523, 527 (D. Minn. 2002) ("Clearly, Defendants have a legal right to the documents and the ability to obtain the documents from their tax attorneys [representing them in another matter].  Thus, the appraisal information must be produced.").

4

1     RFP No. 8 sought "Disciplinary Hearing 'worksheet' as defined by Department of
2 Corrections and Rehabilitation Operations Manual (DOM) sec. 52080.3.9 for Rules Violation
3 Report #AS-14-05-041 'Misuse of Phone' for Plaintiff."
4     Defendant's response stated that "following a diligent search, responding party has been
5 unable to locate any documents responsive to this request."
6     Again, in his motion, plaintiff requests more information about how and where defendant
7 searched for the requested worksheet. ECF No. 30 at 4. Like RFP No. 4, plaintiff's request in
8 this regard is granted. To the extent defendant maintains that there are no responsive documents,
9 he shall provide plaintiff with a verification detailing the search that was conducted, signed by an
10 individual with personal knowledge of those details and the results of the search, and certifying
11 that no responsive documents were found.
12     RFP Nos. 11 and 13 also sought additional documents related to plaintiff's retaliation
13 claims. Defendant's responses indicate that a "diligent search" was conducted, and that four
14 responsive documents were produced. Plaintiff maintains that defendant should explain his
15 efforts to locate responsive documents. ECF No. 30 at 4-5. Plaintiff's request in this regard is
16 granted. Defendant shall provide plaintiff with a verification detailing the searches that were
17 conducted, signed by an individual with personal knowledge, and certifying that all responsive
18 documents have been produced.
19     **B. Macomber's Responses to Requests for Admissions (RFA) Nos. 1, 3, 4**
20     Plaintiff moves to compel a further response to RFA Nos. 1 and 4. Defendant properly
21 objected to these requests as vague as to time and provided responses to the best of his ability.
22 Plaintiff fails to explain why these responses are deficient, and his motion to compel further
23 responses is denied as to these requests.
24     Plaintiff moves to compel a further response to RFA No. 3. RFA No. 3 states, "That
25 OHU Sgt. Defendant Hampton ORDERED all second watch OHU staff to stop allowing plaintiff
26 any phone calls during his shift, within days of being served with this law suit."
27     Defendant objected on the grounds that the "request seeks information stemming from
28 events outside of the scope of the litigation." In opposing the motion to compel, defendants argue

5

1    that "Plaintiff cannot raise new issues throughout the course of this litigation and seek discovery
2    on those issues.  If Plaintiff wishes to raise [a] new retaliation claim against one of the Defendants
3    in this action, he must follow the proper procedures under the Prison Litigation Reform Act and
4    file a separate complaint."  ECF No. 32 at 6.
5         Defendant's objections are overruled.  Rule 26(b)(1) of the Federal Rules of Civil
6    Procedure provides that the scope of discovery includes "any nonprivileged matter that is relevant
7    to any party's claim or defense and proportional to the needs of the case, considering the
8    importance of the issues at stake in the action, the amount in controversy, the parties' relative
9    access to relevant information, the parties' resources, the importance of the discovery in resolving
10   the issues, and whether the burden or expense of the proposed discovery outweighs its likely
11   benefit."  "The question of relevancy should be construed 'liberally and with common sense' and
12   discovery should be allowed unless the information sought has no conceivable bearing on the
13   case."  *Ibanez v. Miller*, No. Civ. S-06-2668-JAM-EFB P, 2009 U.S. Dist. LEXIS 98394 at *5
14   (E.D. Cal. Oct. 22, 2009) (quoting *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal.
15   1995)).  Evidence of ongoing retaliation by a defendant in this retaliation action satisfies the Rule
16   26(b)(1) standard.  Defendants' suggestion that plaintiff would have to amend his complaint
17   before requesting discovery as to this matter is misguided.  Acts of ongoing retaliation need not
18   form the basis of new claims in order to bear relevance to this case.   Defendant shall serve
19   plaintiff with an amended response to RFA No. 3.
20        **C.  Jibson's Responses to RFA Nos. 1, 2, 3, 4, 5, 6, 7, 9, 10, 12, 13**
21        RFA No. 3 asked defendant to admit that defendant Lynch refused to process one of
22   plaintiff's appeals.  Defendant's response indicated that the appeal "was returned and rejected"
23   pursuant to specific regulations applicable to the administrative appeals process.  Plaintiff fails to
24   show how this response is deficient and his motion to compel a further response is denied.
25        RFA Nos. 1, 2, 4, 5, 6, 7, 9, and 12 sought admissions as to the contents of various
26   administrative appeals completed by plaintiff.  Defendant objected to these requests on the
27   grounds that the documents speak for themselves.  This objection is sustained.   However, RFA
28   Nos. 2, 10, 12, and 13 also asked Jibson to admit whether he "screened-out" or "refused to allow

1  processing" of certain appeals submitted by plaintiff.  While Jibson admits that some of these
2  appeals "[were] cancelled" or "[were] returned," his responses do not indicate whether he was the
3  person who cancelled, screened out, or otherwise refused to process the appeals at issue.  In this
4  regard, plaintiff's motion to compel further responses to RFA Nos. 2, 10, 12, and 13 is granted.

**D.  Lynch's Responses to RFA Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14**

RFA Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14 sought admissions as to the contents of various administrative appeals submitted by plaintiff, as well as defendant's responses to those appeals.  Defendant objected to these requests on the grounds that the documents speak for themselves.  This objection is sustained.  However, RFA Nos. 4, 9, 10, 11, and 14 also asked Lynch to admit whether he "screened-out" or "refused to process" certain appeals submitted by plaintiff.  While Lynch admits that some of these appeals "[were] cancelled" or "[were] returned," his responses do not indicate whether he was the person who cancelled, screened out, or otherwise refused to process the appeals at issue.  In this regard, plaintiff's motion to compel further responses to RFA Nos. 4, 9, 10, 11, and 14 is granted.

**E.  Hampton's Responses to RFA Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13**

RFA No. 1 asked defendant to admit that defendant Macomber signed a certain document.  Defendant objected to the request as calling for speculation and admitted that the document at issue "contains Acting Warden Macomber's name in the signature block."  Plaintiff fails to show that this response is deficient and his motion to compel a further response is denied.

RFA No. 2 asked defendant to admit that a certain document contained a specific quote.  Defendant admitted that the document contained the referenced quote.  Plaintiff fails to show that this response is deficient and his motion to compel a further response is denied.

RFA Nos. 3-13 asked defendant to make various admissions having to do with whether he restricted plaintiff's phone privileges after plaintiff initiated this lawsuit.  Defendant's objection to these requests as "outside the scope of this litigation" is overruled for the reasons stated in the discussion of RFA No. 3 directed to defendant Macomber.  Plaintiff's motion to compel a further response to these requests is granted.

/////

7

1 **F.  Hampton's Responses to "Request for Genuineness of Documents" Nos. 1, 2, 3, 4,
2       5, 6**

3     In these requests, plaintiff asked defendant to authenticate the documents attached to his
4 requests for admission because they are contained in plaintiff's central file.  In response to the
5 first request, defendant stated that he was without sufficient knowledge to admit or deny the
6 request.  Defendant explains that numerous individuals have access to plaintiff's central file, and
7 that he cannot authenticate a document unless he authored it.  ECF No. 32 at 20.  He admits that
8 he did not author the document referenced in request No. 1.  *Id.*   Plaintiff has not shown how this
9 response is deficient and his motion to compel a further response is denied.

10    As for requests 2 through 6, however, defendant objected because the requests involve
11 documents "outside of the scope of this litigation" and did not provide responses.  Evidence
12 regarding events that arose or documents that were created following plaintiff's commencement
13 of this action are not automatically "outside the scope of this litigation" and defendant's objection
14 is overruled.  Consistent with the order as to Macomber's RFA No. 3 and Hampton's RFA Nos.
15 3-13, defendant shall provide further responses.  In this regard, plaintiff's motion to compel
16 further responses to requests 2 through 6 is granted.

17 **III.    Plaintiff's November 2, 2015 Motion to Compel (ECF No. 39)**

18    Plaintiff filed a motion to compel documents after defendant Oania served supplemental
19 responses to plaintiff's requests for admissions.  ECF No. 39.  In the responses, Oania indicated
20 that he had located documents that refreshed his recollection.  *Id.* at 5-6.  Plaintiff requests that
21 the court issue an order compelling defendant to provide the referenced documents.  Defendants
22 represent that the documents were served on plaintiff on November 5, 2015.  ECF No. 42.  In his
23 reply, plaintiff requests resolution of his motion through a telephonic conference.  ECF No. 46.
24 Plaintiff's motion, however, appears to be moot, and there is no apparent need for a telephonic
25 conference.  Plaintiff's motion is denied.

26 **IV.    Defendants' Motion to Compel (ECF No. 44)**

27    Defendants' motion to compel represents that plaintiff failed to provide any responses to
28 the interrogatories, requests for admissions, and requests for production that they served on

8

1  plaintiff on October 1, 2015. ECF No. 44. In their reply, however, defendants note that plaintiff
2  provided his responses in person at his December 4, 2015 deposition. ECF No. 53. Defendants
3  argue that the responses are nevertheless deficient and that the court should compel plaintiff to
4  provide further responses. *Id.*

### A. Interrogatories

Interrogatory Nos. 1 and 2 sought information regarding the dates on which plaintiff claims to have been denied phone privileges. Plaintiff's response indicated that he could not answer until defendants provided him with the "114-log and phone log by TRACS system." Defendants, however, claim to have provided plaintiff with the requested documents. ECF No. 53 at 3. On this basis, it appears that plaintiff should be able to properly respond to the interrogatories. Defendants' motion to compel is therefore granted as to these requests.

Interrogatory No. 6 asked plaintiff to identify the administrative appeal he contends he filed concerning Casa and Oania's alleged denial of phone privileges. Plaintiff failed to respond on the grounds that he has been denied access to his central file and that "[d]efendants are in possession of the information requested." ECF No. 52 at 3. Plaintiff, however, should be permitted access to his central file pursuant to prison policies and procedures and he does not claim to have been denied such access in his opposition to defendants' motion. In addition, any administrative appeals that plaintiff alleges were not processed would not be kept in his central file. Therefore, plaintiff should be able to provide a further response to this request and defendants' motion is granted in this regard.

In addition, plaintiff is required to respond in writing and under oath to all interrogatories. Fed. R. Civ. P. 33(b)(3). Plaintiff shall provide a signed verification along with his responses.

### B. RFAs

Plaintiff refused to respond to RFA Nos. 1 through 7, citing "No c file," or nothing at all in response. ECF No. 53 at 4-5. As noted, plaintiff should have access to his central file and should therefore be able to respond to the RFAs at issue. Defendants' motion is granted as to these requests.

/////

RFA No. 10 asked plaintiff to "Admit that you were housed in Administrative Segregation on July 4, 2013, after a search of your cell revealed a cell phone." Plaintiff's response stated, "Object:? As posed suggests p. was pl. in Ad Seg. Because of a cell ph." Although plaintiff may object to the request as argumentative, he must nevertheless admit or deny the request.

RFA No. 24 asked plaintiff to "Admit that you were issued a Rules Violation Report for misuse of the phones on May 29, 2014." In response plaintiff stated "Object/unintelligible." The objection lacks merit. Plaintiff must respond to this clear and unambiguous request.

**C. RFPs**

In response to RFP Nos. 1, 6, 7, 17, 18, and 21, plaintiff responded "Offered." This response is not adequate. Defense counsel should not have to guess as to which documents previously "offered" by plaintiff correspond to each of defendants' requests for production of documents. Accordingly, defendants' motion to compel is granted as to these requests. Plaintiff shall identify which documents relate to each request for production of documents.

In response to RFP Nos. 2, 3, 5, 9, 10, 11, 20, and 22, plaintiff wrote "no c-file review," "offered," or "?." These responses are inadequate and defendants' motion to compel is granted as to these requests. If plaintiff does not have any documents responsive to the requests, he must state so rather than leaving requests blank or inserting question marks.

In response to RFP No. 8, plaintiff wrote "Macomber letter to give Riley." In response to RFP No. 12, plaintiff wrote "Kasper?" In response to RFP Nos. 16 and 19, plaintiff wrote "Def: possess P.C. DOM-CCR OP. etc." The meaning of these responses is unclear. Defendants' motion is granted as to these requests.

In response to RFP Nos. 13 and 14, plaintiff claims that the documents requested do not exist. Defendants have not shown why these responses are deficient. Defendants' motion is denied as to these requests.

In response to RFP No. 15, plaintiff wrote "yeah, right." This is quite plainly non-responsive and defendants' motion to compel is granted as to this request.

/////

/////

10

### V. Plaintiff's Motion to Modify the Scheduling Order (ECF No. 31)

In light of the court's orders addressing the pending motions to compel, new deadlines for the completion of discovery and dispositive motions are set forth below. Accordingly, plaintiff's motion to modify the scheduling order is denied as moot.

Defendants' response to plaintiff's motion (ECF No. 33), which included a request for protective order on the grounds that plaintiff has served them with untimely requests for discovery, is granted. Defendants need not respond to any untimely discovery requests.

### VI. Summary of Order

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend (ECF No. 48) is granted. Defendants shall respond to the fourth amended complaint (ECF No. 49) within 14 days from the date of this order.
2. Plaintiff's September 25, 2015 motion to compel (ECF No. 30) is granted in part.
3. Plaintiff's November 2, 2015 motion to compel (ECF No. 39) is denied as moot.
4. Defendants' motion to compel (ECF No. 44) is granted in part.
5. Discovery is reopened for the limited purpose of complying with this order. The parties shall provide further discovery responses as noted herein within 21 days. Any motions to compel with regard to those responses must be filed within 21 days thereafter. The parties shall make a good faith attempt to resolve these issues informally. Consistent with the order issued March 4, 2016 (ECF No. 56), any dispositive motions shall be filed within 60 days from the date of this order.
6. Plaintiff's motion to modify the scheduling order (ECF No. 31) is denied as moot.
7. Defendants' request for a protective order (ECF No. 33) is granted. Defendants not need respond to any untimely discovery requests.

DATED: June 23, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

11