UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GIRALDES,<br><br>        Plaintiff,<br><br>   v.<br><br>OANIA, et al.,<br><br>        Defendants. | No. 2:14-cv-726-JAM-EFB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with this 42 U.S.C. § 1983 civil rights action asserting First Amendment retaliation claims against defendants Oania, Casas, Tuers, Hampton, Macomber, Lynch, and Jibson.[1] ECF No. 49. On June 23, 2016, the court reopened discovery, partially granted plaintiff and defendants' respective motions to compel, and ordered the parties to provide each other with supplemental discovery responses. ECF No. 66. Now pending before the court are plaintiff and defendants' respective motions to compel further discovery responses and for sanctions, and plaintiff's motion for in camera review of certain discovery responses, also construed as a motion to compel. ECF Nos. 73, 74, 76, 82, 89. For the reasons stated below, plaintiff's initial motion to compel is granted in part, but denied to the extent it requests sanctions.

/////

---

[1] Plaintiff's claims are largely based on allegations that defendants denied him phone privileges in retaliation for his protected First Amendment conduct. *See* ECF No. 49.

1

1  Defendants' motion to compel is granted, but also denied to the extent it requests sanctions.
2  Plaintiff's request for in camera review is denied without prejudice, but granted insofar as it
3  moves to compel a further discovery response.

4  **I.    Plaintiff's "Motion to Compel Further Def. Responses to Discovery" (ECF No.**
5  **73)**

6  On June 23, 2016, the court partially granted plaintiff's motion to compel and ordered
7  defendants to supplement certain discovery responses.  ECF No. 66.  In the instant motion to
8  compel, plaintiff argues that defendant Macomber's supplemental response to plaintiff's request
9  for admission ("RFA") number 3, and defendant Hampton's supplemental responses to plaintiff's
10  RFA numbers 3, 4, 5, 6, 9, and 11, continue to be inadequate.  ECF No. 73.  Plaintiff also seeks
11  sanctions for defendants' "refusal" to serve proper responses.  *Id.* at 7, 8.

12  **A. Defendant Macomber's Response to RFA No. 3**

13  RFA No. 3 asked Warden Macomber to admit that "OHU Sgt. Defendant Hampton
14  ORDERED all second watch OHU staff to stop allowing plaintiff any phone calls during his shift,
15  within days of being served with this law suit."  In his supplemental response, Macomber denied
16  the request on the ground that he "lacks personal knowledge or information sufficient to admit or
17  deny the request."  Indeed, defendant Hampton would be better situated to respond to this request
18  than defendant Macomber (and plaintiff sought such a response from Hampton in RFA No. 3,
19  discussed below).  Macomber did not object to the request and appears to have responded to the
20  extent that he can.  But he asserts he simply lacks personal knowledge on the matter.  While
21  plaintiff may quarrel with the veracity of that response, he presents no information to show that it
22  is false.[2]  Plaintiff's motion is denied as to this request.

23  **B. Defendant Hampton's Responses to RFA Nos. 3, 4, 5, 6, 9, and 11**

24  RFA No. 3 asked Hampton to admit that "[a]fter you received notice you were being
25  served with this law suit you instructed defendant Tuers-III on June 24, 2015 to stop letting

26  
27  [2] If, as plaintiff seems to fear, Macomber later purports to have such knowledge, plaintiff
    is free to use Macomber's response to this request for impeachment purposes but plaintiff has not
28  shown the Macomber has failed to respond.

plaintiff use the phone during the Second Watch shift you are responsible for supervising." In his supplemental response, Hampton "denie[d] that he instructed defendant Tuers-III on June 24, 2015 to stop letting plaintiff use the phone during the Second Watch *in response* to being served with the lawsuit." ECF No. 78 at 3 (emphasis added). Hampton's answer is non-responsive, as the RFA did not ask whether Hampton's actions were "in response" to plaintiff's lawsuit, only whether they followed the lawsuit in time. Accordingly, plaintiff's motion is granted as to this request.

With respect to RFA No. 4, defendants represent that Hampton has served "a second supplemental response to request for admission number 4 in an attempt to resolve Plaintiff's objection." ECF No. 78-1, ¶ 7, Ex. 3. As a result, plaintiff's motion to compel a further response to RFA No. 4 is denied as moot.

RFA No. 5 asked Hampton to admit that he "advised plaintiff, in response to plaintiff asking why his phone privileges during the day were being taken, that the Outpatient Housing Unit did not have a 'scheduled or established' phone program with lists to sign up and times, as the General Population has." In a supplemental response, Hampton admitted "that he responded to Plaintiff's Form 22 and advised Plaintiff that the OHU Operational Procedure does not have programming hours (dayroom) . . . [and] that he informed Plaintiff that 'OHU has made every effort to insure OHU inmates are afford phone calls on a regular basis.'" Plaintiff objects to Hampton's response because Hampton does not specifically admit or deny whether he informed plaintiff that the Outpatient Housing Unit did not have a "scheduled or established" phone program, which, according to plaintiff, is not the same as "programming hours (dayroom)." ECF No. 73 at 5. Defendants' opposition offers no clarification in this regard. Accordingly, plaintiff's motion is granted as to this request.

RFA No. 6 asked Hampton to admit that when "plaintiff tried to send Form-22 request for interviews to the Lieutenant and Captain, you intercepted them and answered yourself." In a supplemental response, Hampton objected on the ground that the request is compound, and that the term "intercepted" is vague, ambiguous, and argumentative. Without waiving those objections, Hampton denied that he "intercepted" a Form 22 request for interviews that were

3

directed to the Lieutenant and Captain.  Hampton, however, admitted that on June 8, 2015, he provided a response to a May 29, 2015, Form 22 that was addressed to HCH Lt. Todd.  Plaintiff argues that it is unclear from Hampton's response whether it was Hampton who actually answered the Form 22 at issue.  ECF No. 73 at 5.  In their opposition, defendants clarify that Hampton did in fact respond to the Form 22 at issue.  ECF No. 78 at 5.  Thus, plaintiff's motion to compel a further response to RFA No. 6 is denied as moot.

In RFA No. 9, plaintiff asked Hampton to admit that he "intercepted a Form-22 request for interview plaintiff tried to send to Health Care Access Captain Jones that was dated June 6, 2015, where you stated the following: 'This is your 3rd. Request. All Answered on 6-8-15.'"  In a supplemental response, Hampton objected on the ground that the term "intercepted" is vague, ambiguous, and argumentative.  Without waiving those objections, Hampton admitted that he responded to a Form-22 that was dated June 6, 2015 with "[t]his is your 3rd Request- All Answered on 6-8-15," and denied that the Form-22 was "intercepted."  Plaintiff argues that the response is non-responsive insofar as it does not address whether the Form 22 at issue had been directed to Captain Jones.  ECF No. 73 at 6.  Defendants' opposition offers no clarification in this regard.  Instead, defendants argue that it is permissible for staff to forward a Form 22 to "a more appropriate responder."  *See* ECF No. 78 at 6 (citing Cal. Code Regs. tit. 15, § 3086(f)(3)).  Defendants' citation to § 3086(f)(3) appears to be a defense to plaintiff's accusation that Hampton "intercepted" plaintiff's Form 22 requests directed to other staff members.  It does not, however, excuse Hampton from responding to the RFA as asked.  Accordingly, plaintiff's motion is granted as to this request.

Similarly, in RFA No. 11, plaintiff asked Hampton to admit that plaintiff sent "a Form-22 to HCA 'A.W.' (Associate Warden) Broddrick, on 6/24/15 that you intercepted and responded to, stating in part the following '4. OHU does not have a phone program.'"  In a supplemental response, Hampton objected on the ground that the term "intercepted" is vague, ambiguous, and argumentative. Without waiving those objections, Hampton admitted that on June 30, 2015, he responded in part to Plaintiff's June 24, 2015 Form 22, and stated that "OHU does not have a phone program. . . ."  Again, plaintiff argues that the response is deficient because it does not

4

address whether the Form 22 at issue was addressed to the Associate Warden. ECF No. 73 at 6. Like RFA No. 9, defendants offer no clarification in this regard. Plaintiff's motion to compel is granted as to this request.

### C. Plaintiff's Request for Sanctions

As noted, plaintiff also seeks sanctions against defendants for failing to properly respond to his discovery requests. A party who prevails on a motion to compel is entitled to his expenses, unless the losing party was substantially justified in its response, or other circumstances make such an award unjust. Fed. R. Civ. P. 37(a)(5). Defendants appropriately characterize many of plaintiff's discovery requests as argumentative and compound. Given the convoluted nature of plaintiff's requests, defendants' responses were substantially justified and the court will not award costs to plaintiff or otherwise order sanctions against defendants.

## II. Defendants' Motion to Compel (ECF No. 74)

On June 23, 2016, the court partially granted defendants' motion to compel and ordered plaintiff to provide further responses to: (1) interrogatory numbers 1, 2, and 6; (2) request for admission numbers 1, 2, 3, 4, 5, 6, 7, 10, and 24; and (3) request for production numbers 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 15, 16, 17, 18, 19, 20, 21, and 22.[3] The court further ordered plaintiff to provide a verification concerning all of his interrogatory responses. ECF No. 66. In the instant motion to compel, defendants argue that plaintiff has entirely failed to comply with the court's order and asks that plaintiff be sanctioned. In his opposition, plaintiff claims that he could not comply with the court's June 23, 2016 order because on December 4, 2015, he gave defense counsel his only copy of defendants' discovery requests. ECF No. 77 at 1. He also claims that his responses require further review of his central file. *Id.* at 1-2.

The court cannot credit plaintiff's excuses for disregarding the court's order. First, defense counsel represents that on December 4, 2015, she waited while plaintiff made copies of the discovery requests at issue, thereby undermining plaintiff's claim that he gave defense counsel his only copy. ECF No. 80-1, ¶ 7. Second, the docket reflects that defendants served

---

[3] Contrary to the representation in defendants' motion, plaintiff was not ordered to provide further responses to request for production numbers 13 and 14. *See* ECF No. 66 at 10.

plaintiff with another copy of their discovery requests on December 21, 2015.  ECF No. 53-2, Ex. C.  Thus, even if plaintiff had given defense counsel his only copy of the discovery requests on December 4, 2015, he was provided with another copy only two weeks later.  Third, after the court issued its June 23, 2016 order outlining the specific discovery requests that plaintiff was required to supplement, defense counsel mailed plaintiff another copy of the requests.  *Id.* ¶ 9, Ex. A.  Fourth, plaintiff admits to spending an hour and forty five minutes reviewing his central file, and defense counsel notes that plaintiff was provided with an additional opportunity to review his file on August 12, 2016.  ECF No. 80-1, ¶¶ 10-11.  Plaintiff's excuses cannot be supported by the record, which shows that he has been given numerous copies of the discovery requests at issue and has had time to review his central file.  It appears that plaintiff is fully capable of complying with the court's June 23, 2016 order, but is making no effort to so comply.  Accordingly, defendants' motion to compel is granted.

Defendants' request for sanctions, however, is denied at this time.  While plaintiff's failure to comply with the court's June 23, 2016 order requiring him to supplement his discovery responses lacks justification, an award of costs or other monetary sanctions would be an ineffective deterrent and inappropriate here in light of plaintiff's indigent status.  *See* ECF No. 8.  However, plaintiff is hereby admonished that his continued failure to cooperate in discovery or to comply with this order may result in evidentiary sanctions or even the dismissal of this case.  *See* Fed. R. Civ. P. 37(b)(2)(A)(v), 41(b); *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1056-57 (9th Cir. 1998); *Henry v. Gill Indus.*, 983 F.2d 943, 946, 948 (9th Cir. 1993).

**III.    Plaintiff's "Motion for In Camera Review of Evidence Regarding Disclosure/ Relevance" (ECF No. 76) and "Motion for Ruling on the Request for In Camera Review of Withheld Discovery" (ECF No. 89)**

The court's June 23, 2016 order directed defendants to supplement Macomber's responses to request for production ("RFP") number 4, which requested staff emails about plaintiff's phone usage and retaliation claims.  ECF No. 66 at 4.  Macomber originally responded that "following a diligent search, no e-mails related to retaliation or phone usage were located."  ECF No. 83 at 3.  The court determined that this unsubstantiated statement was not adequate and directed defendant

to provide plaintiff with a verification detailing the search that was conducted and certifying that no responsive documents were found. ECF No. 66 at 4. In a supplemental response, Macomber now admits that a targeted search for responsive emails yielded 86 items.[4] ECF No. 73, Ex. A at 2. However, he only produces 30 pages of "responsive and relevant" documents and does not explain why the remaining emails uncovered by the search are not being produced (except for the fact that some may are duplicates). ECF No. 83 at 3; 83-6, ¶ 5. He merely objects to the request in general as seeking documents that are not relevant and are protected by the attorney-client privilege and would jeopardize the safety and security of staff. ECF No. 83-2 at 4-5. He does not produce a privilege log or seek a protective order to address any specific safety concerns. Plaintiff now seeks an in camera review of the 86 items to determine why all of them were not provided to him.[5] ECF Nos. 76, 89.[6]

Defendants' only objection to plaintiff's request for in camera review is that it would cause undue delay. ECF No. 83. Insofar as plaintiff moves to compel, defendants contend that Macomber has fully complied with the court's June 23, 2016 order through his supplemental responses to RFP No. 4. *Id.* As explained below, the court cannot agree.

The targeted search of emails done in response to the court's June 23, 2016 order was specific in that it included only emails sent to or by the defendants in this action and contained both plaintiff's name and the term "phone." Thus, plaintiff's suspicion that many of the withheld emails are responsive to his request is not off-base. However, Macomber must first satisfy his burden to provide information sufficient to invoke the attorney-client privilege and to

---

[4] Specifically, the search encompassed emails containing the words "Giraldes" and "phone," which were sent by or to the seven defendants in this case between October 1, 2013 and August 31, 2015.

[5] The court issued a minute order directing defendants to respond to plaintiff's motion. ECF No. 82. In an abundance of caution, the court construed plaintiff's motion as also seeking to compel further responses to request for production numbers 4, 11, and 13. Having reviewed defendant's opposition, it is now clear that the only request at issue is request number 4.

[6] He also asks this court to order defendants "to set up a phone conference to determine if further discovery motions are needed to compel . . . ." ECF No. 89. The court denies this request as unnecessary.

demonstrate specific staff safety and security concerns before the court will undertake in camera review of the documents. *See Flanagan v. Benicia Unified Sch. Dist.*, No. CIV S-07-0333 LKK GGH, 2008 U.S. Dist. LEXIS 39386, at *12-13 (E.D. Cal. May 14, 2008) ("[I]n camera review is not to be used as a substitute for a party's obligation to justify its withholding of documents." (internal quotations and citation omitted)).  If Macomber is withholding responsive emails on the basis of privilege and/or safety and security risks, he must provide more information to allow plaintiff (and ultimately, the court) to assess those claims.  *See* Fed. R. Civ. P. 26(b)(5); *In re Grand Jury Investigation*, 974 F.2d 1068, 1070-71 (9th Cir. 1992) (regarding attorney-client privilege); *Rogers v. Giurbino*, 288 F.R.D. 469, 480 (S.D. Cal. 2012) ("A conclusory objection based on institutional security . . . is insufficient").  If, on the other hand, Macomber is withholding emails strictly on the basis that they are irrelevant or not responsive to the request, he should say so.  For these reasons, Macomber's supplemental responses to RFP No. 4 remain inadequate, and he must further supplement his response by explaining his basis for withholding any of the 86 emails uncovered by the targeted search.  Plaintiff's motion for in camera review is denied without prejudice.

**IV.     Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's "Motion to Compel Further Def. Responses to Discovery" (ECF No. 73) is GRANTED to the extent that, within 30 days of the date of this order, defendant Hampton shall serve plaintiff with supplemental responses to RFA numbers 3, 5, 9, and 11.  The motion is DENIED in all other respects.

2. Defendants' Motion to Compel (ECF No. 74) is GRANTED, to the extent that, within 30 days of the date of this order, plaintiff shall provide further responses to: (1) interrogatory numbers 1, 2, and 6; (2) request for admission numbers 1, 2, 3, 4, 5, 6, 7, 10, and 24; and (3) request for production numbers 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 15, 16, 17, 18, 19, 20, 21, and 22, in accordance with the court's June 23, 2016 order (ECF No. 66).  Plaintiff must also provide a verification concerning all of his interrogatory responses.  Defendants' motion is DENIED in all other respects.

3. Plaintiff's "Motion for In Camera Review of Evidence Regarding Disclosure/ Relevance" (ECF No. 76) and "Motion for Ruling on the Request for In Camera Review of Withheld Discovery" (ECF No. 89) are DENIED without prejudice but GRANTED to the extent they seek a further discovery response from Macomber to RFP No. 4.  Within 30 days from the date of this order, defendant Macomber shall serve plaintiff with a supplemental response to RFP No. 4.

4. Any motions to compel with regard to the responses ordered herein must be filed within 60 days of the date of this order.  <u>THE PARTIES SHALL MEET AND CONFER PRIOR TO FILING ANY SUCH MOTION AND SHALL MAKE A GOOD FAITH ATTEMPT TO RESOLVE THESE ISSUES INFORMALLY</u>.

5. Any dispositive motions shall be filed within 90 days from the date of this order.

6. The parties are admonished that failure to serve full and complete responses in accordance with this order may result in sanctions, including monetary sanctions, evidentiary sanctions, or dismissal of this action.

DATED:  March 14, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE