UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GIRALDES, | No. 2:14-cv-726-JAM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| OANIA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has again requested that the court appoint counsel. ECF No. 91. Defendants have filed an opposition. ECF No. 92.

As plaintiff has been previously informed (ECF Nos. 19, 36), district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560

/////

F.3d 965, 970 (9th Cir. 2009).  Having considered those factors, the court still finds there are no exceptional circumstances in this case.[1]

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for appointment of counsel (ECF No. 91) is denied.

DATED:  May 3, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff states that "Magistrate Delaney has ordered [him] not to file documents with the court, or defense counsel, in [Giraldes v. Beard, 2:14-cv-1780-CKD]."  Any such order as to what plaintiff may or may not file in another action where he is represented by counsel has no bearing on what plaintiff may file in this action, where he proceeds pro se.