UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GIRALDES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OANIA, et al.,<br><br>　　　　　Defendants. | No. 2:14-cv-726-JAM-EFB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with this 42 U.S.C. § 1983 civil rights action. On March 15, 2017, the court partially granted both plaintiff's and defendants' motions to compel. ECF No. 90. The court instructed the parties that prior to filing any further motions to compel, they "SHALL MEET AND CONFER . . . AND SHALL MAKE A GOOD FAITH ATTEMPT TO RESOLVE THE[] ISSUES INFORMALLY." *Id.* at 9. Defendants, arguing that plaintiff has "persistently refused to comply with this Court's orders to respond to Defendants' written discovery," now move for terminating sanctions and plaintiff has filed another motion to compel. ECF Nos. 94, 96. Plaintiff also requests the appointment of counsel and defendants move to modify the discovery and scheduling order. ECF Nos. 102, 105. All motions are denied. As explained below, the parties' motions relating to their discovery disputes are denied without prejudice for failure to properly meet and confer. Plaintiff's request for the appointment of counsel is denied without prejudice and defendants' motion to modify the discovery and scheduling order is denied as moot.

1

**I.     Defendants' Motion for Terminating Sanctions (ECF No. 94) and Plaintiff's Motion to Compel (ECF No. 96)**

It is apparent from the parties' motions that they have not been able to meaningfully meet and confer regarding the outstanding discovery issues in this case. On April 10, 2017, defense counsel sent plaintiff a letter identifying deficiencies in plaintiff's discovery responses. ECF No. 94-2, ¶ 3, Ex. D. In a response dated April 17, 2017, plaintiff requested a phone call "to resolve the discovery issues" and also asked defense counsel to "provide the discovery that the court ordered." *Id.*, Ex. E. Because plaintiff's letter did not identify any specific deficiencies in defendants' responses, it achieved little in the way of moving the parties toward a resolution of their discovery disputes. Upon receiving plaintiff's letter, however, defense counsel promptly set up a phone call for May 4, 2017. ECF No. 94-2, ¶ 3. Plaintiff did not know about the call in advance and informed defense counsel that he was unprepared. ECF No. 97 at 2; ECF No. 103 at 1; ECF No. 94-2 ¶ 4. Plaintiff requested another call with at least a day's notice. ECF No. 97 at 2. According to plaintiff, defense counsel refused. ECF No. 103 at 1-2. Although defense counsel believes that plaintiff was feigning surprise regarding the subject of the phone call and notes that plaintiff made numerous remarks conveying his unwillingness to cooperate, plaintiff ought to have been given notice of the call. *See* E.D. Cal. Local Rule, 251(b) (requiring that parties meet and confer "at a time and place and in a manner mutually convenient . . . ."). Before determining whether plaintiff should be subjected to terminating sanctions, a measure of last resort, he must first be afforded a meaningful opportunity to meet and confer. Given the parties' half-hearted efforts in this regard, their motions will be denied without prejudice.

The court will grant the parties another 60 days within which to file any motions relating to their discovery disputes, and will also reset the deadline for filing dispositive motions. Accordingly, defendants' request to modify the discovery and scheduling order is denied as moot.

**II.     Plaintiff's Request for the Appointment of Counsel**

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney

to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered those factors, the court finds there are no exceptional circumstances in this case.

### III.    Order

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for terminating sanctions (ECF No. 94) is denied without prejudice;
2. Plaintiff's motion to compel (ECF No. 96) is denied without prejudice;
3. Any motions to compel with regard to the responses ordered in the court's March 15, 2017 order must be filed within 60 days of the date of this order.  <u>THE PARTIES SHALL MEET AND CONFER PRIOR TO FILING ANY SUCH MOTION AND SHALL MAKE A GOOD FAITH ATTEMPT TO RESOLVE THESE ISSUES INFORMALLY</u>.
4. Any dispositive motions shall be filed within 90 days from the date of this order.
5. The parties are again admonished that failure to serve full and complete responses in accordance with this order may result in sanctions, including monetary sanctions, evidentiary sanctions, or dismissal of this action.
6. Plaintiff's motion to appoint counsel (ECF No. 105) is denied without prejudice; and
7. Defendants' motion to modify the scheduling order (ECF No. 102) is denied as moot.

DATED: July 26, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3