UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GIRALDES, Jr., | No. 2:14-cv-726-JAM-EFB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| OANIA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He alleges that defendants Oania, Casas, Tuers, Hampton, Macomber, Lynch, and Jibson violated his rights by retaliating against him due to his litigative conduct. ECF No. 13. Now pending before the court are two discovery related motions.

First, defendants have filed a motion for terminating sanctions or involuntary dismissal (ECF No. 112) based on plaintiff's failure to respond to written discovery. For his part, plaintiff has filed a motion for extension of time (ECF No. 124) wherein he asks that the deadline for responding to defendants' discovery requests be extended. He states that he does not understand what "Bates" numbers are and this confusion militates in favor of additional time. *Id.* at 1-2. Defendants filed an opposition to plaintiff's motion. ECF No. 126. Plaintiff then filed a request for the court's notice (ECF No. 127), to which defendants responded (ECF No. 128) and plaintiff replied (ECF No. 129).

1

For the reasons stated below, the court recommends that defendants' motion for sanctions be granted.

## I. Background

The court granted (in part) defendants' motion to compel (ECF No. 74) on March 15, 2017. ECF No. 90. In response to this order, plaintiff served responses on April 6, 2017 (ECF No. 94-2, at ¶ 2, Exs. A-C) which defendants deemed deficient. After unsuccessfully attempting to resolve these deficiencies by way of a letter and a teleconference, defendants filed a motion for terminating sanctions on May 15, 2017. ECF No. 94. On July 27, 2017, the court denied the motion for terminating sanctions without prejudice and directed the parties to meet and confer and make a good faith effort to resolve their issues informally. ECF No. 109. On October 27, 2017 defendants filed a renewed motion for terminating sanctions which indicated the following:

1. To comply with the order to meet and confer, defendants' counsel made arrangements for an in-person meeting with plaintiff at California State Prison-Sacramento ("CSP-SAC") which was to be held on August 10, 2017. ECF No. 112-1 at 1 ¶ 2. A letter was mailed to both plaintiff and the CSP-SAC litigation coordinator advising them of the meeting. *Id.* at 1-2 ¶ 2. An informational chrono attached to plaintiff's motion indicates that, on August 2, 2017, the aforementioned letter was delivered to plaintiff and that he stated that he understood its contents. *Id.* at 8, Ex. B.

2. On August 9, 2017, plaintiff called defendants' counsel and stated that an unnamed doctor, who had somehow been made aware of the meeting schedule for the next day, was reducing plaintiff's medication and, as a consequence, plaintiff might be too sick to attend the meeting. *Id.* at 4 ¶ 3. Defendants' counsel informed plaintiff that he still intended to proceed with the meeting. *Id.* After the phone call, defendants' counsel contacted the CSP-SAC litigation coordinator, who informed him that she was unsure as to how a doctor would have learned of the meeting, given that information concerning legal visits was disseminated only on a need-to-know basis. *Id.*

3. The meeting, in spite of the foregoing, went ahead on August 10, 2017 and defendants' counsel noted that plaintiff was engaged in the conversation and did not appear sick.

*Id.* at 4 ¶ 4. At the meeting, plaintiff agreed to provide supplemental responses to defendants' discovery requests by August 31, 2017. *Id.* A letter summarizing the discussion was sent to plaintiff by defendants' counsel on August 11, 2017 and no objections to this letter were forthcoming. *Id.*

    4.    Plaintiff provided partial supplemental responses to defendants on or about August 16, 2017. *Id.* at 4 ¶ 5. Defendants' counsel sent a letter detailing the deficiencies, specifically plaintiff's failure to: (1) provide verified responses to all of the interrogatories; (2) respond to interrogatories one and two; and (3) identify the documents responsive to each discovery request. *Id.* at 31-32. The letter set a date – August 31, 2017 at 10 a.m., for the parties to discuss these issues by phone. *Id.* at 32. That conversation occurred as scheduled and, afterwards, defendants' counsel sent plaintiff a lengthy set of Bates stamped documents which plaintiff had provided at a 2015 deposition. *Id.* at 5 ¶ 7. These documents were provided to plaintiff to facilitate his efforts in responding to the outstanding discovery requests. *Id.* Plaintiff subsequently acknowledged receipt of these documents and agreed to provide the additional responses by September 29, 2017. *Id.* at 5 ¶ 8.

    5.    When defendants' counsel had not received the supplemental responses by October 9, 2017, he sent another letter to plaintiff stating as much. *Id.* at 54. To date, defendants' counsel states that he has still not received the discovery responses which plaintiff promised. *Id.* at 6 ¶ 11. He further states that, from July 26, 2017 to October 27, 2017, the California Department of Corrections and Rehabilitation had expended roughly 5,100 dollars in connection with counsel's attempts to procure the foregoing responses from plaintiff. *Id.* at 6 ¶ 12.

**II.    Legal Standards**

Federal Rule of Civil Procedure 16(f) states:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party . . . fails to obey a scheduling or other pretrial order.

/////

/////

/////

3

Federal Rule of Civil Procedure 37(b)(2)(A) states:

> The court . . . may issue further just orders. They may include the following:
>
> . . .
>
> dismissing the action or proceeding in whole or in part . . .

The Ninth Circuit has held that five factors are to be considered before imposing the sanction of dismissal, namely:

> (1) the public's interest in expeditious resolution of litigation;
>
> (2) the court's need to manage its docket;
>
> (3) the risk of prejudice to the other party;
>
> (4) the public policy favoring disposition of cases on their merits;
>
> and
>
> (5) the availability of less drastic sanctions.

*Leon v. IDX Systems*, 464 F.3d 951 (9th Cir. 2006) (upholding terminating sanctions for willful destruction of evidence). When a court's order is violated, the first two factors will militate in favor of dismissal, while the fourth will weigh against. *Adriana Intl. Corp. v. Lewis & Co.*, 913 F.2d 1406, 1412 (9th Cir. 1990); *see also Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990) ("The public's interest in expeditious resolution of litigation always favors dismissal."). As to the third factor, a party must establish that their adversary's actions impaired their ability to proceed to trial or threatened to interfere with the rightful decision of the case. *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). Finally, with regard to the availability of lesser sanctions, the court must consider whether:

> (1) the court explicitly discussed the feasibility of less drastic sanctions
>
> and explained why alternative sanctions would be inappropriate;
>
> (2) the court implemented alternative sanctions; and
>
> (3) the court warned the disobedient party of the possibility of dismissal before
>
> ordering the dismissal.

*Adriana Intl. Corp.*, 913 F.2d at 1412-1413.

/////

4

**III. Analysis**

On June 23, 2016, the court directed plaintiff, *inter alia*, to provide a signed verification with all his discovery responses. ECF No. 66 at 9. And, as noted above, on March 15, 2017 the court granted defendants' motion to compel in part and directed plaintiff to provide further discovery responses. ECF No. 90 at 8. Specifically, the court directed plaintiff to provide further responses to:

> (1) interrogatory numbers 1, 2, and 6; (2) request for admission numbers 1, 2, 3, 4, 5, 6, 7, 10, and 24; and (3) request for production numbers 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 15, 16, 17, 18, 19, 20, 21, and 22, in accordance with the court's June 23, 2016 order (ECF No. 66). Plaintiff must also provide a verification concerning all of his interrogatory responses.

*Id.* To date, plaintiff has failed to fully comply with these orders.[1] In particular, plaintiff's responses to defendants' requests for production have continued to vaguely reference documents that had already been provided or which could be found in his central file (ECF No. 94-2 at 9-14), despite a previous admonishment from the court that "[d]efense counsel should not have to guess as to which documents previously 'offered' by plaintiff correspond to each of defendants' requests for production of documents" (ECF No. 66 at 10).

It is also abundantly clear that the foregoing omissions in discovery are not attributable to good faith mistake. As defendants' counsel points out, the relevant discovery was served in

---

[1] The court has considered and taken full account of document plaintiff filed on March 9, 2018, entitled "Notice re Discovery" (ECF No. 125) wherein he answered interrogatories one and two (*id.* at 6-7), but claimed that he could not provide the remaining discovery responses because he did not know what "Bates" stamps were or "how to find them" (*id.* at 2). He also claimed that the prison law librarian would not permit him to make copies of any documents. *Id.* Then, on April 13, 2018, plaintiff filed a document with the court entitled "Discovery Response." ECF No. 130. Therein, plaintiff provides responses to three of defendants' requests for production and states that he will respond to the others when his circumstances allow. *Id.* at 2-5. He asserts that he is unable to provide full responses because prison officials have "recently intensified [their] efforts" to interfere with his litigation. *Id.* at 2. Finally, on April 27, 2018, plaintiff filed another set of discovery responses addressing nine of the defendants' still outstanding requests for production. ECF No. 132.

These responses are both too late and insufficient. As noted in these recommendations, this discovery dispute is hardly new and plaintiff should have provided *all* of his responses well before this point. Allowing plaintiff to submit piecemeal responses now, without penalty, would effectively reward his intransigence.

October of 2015 and, consequently, these discovery disputes have dragged for more than two years despite prior orders and admonishments from the court. Plaintiff also made it clear, in a 2015 letter to Defendants' counsel that he intended to provide only "meager" responses. ECF No. 44-2 at 74, Ex. B. He specifically wrote (to defendants' previous counsel, Kelly Samson):

> I will not be answering your discovery for the m[o]st part, as just about everything I need to answer are part of documents your defendants feels (sic) are irrelevant and, or, not d[i]scoverable. . . . I will seek an order to allow me 30 days from the date the court orders defendants to supply whatever discovery it deems appropriate when it rules on my Motion to Compel. Until then, I have evidence in which to supply most of the answers. If there is anything I can answer, I will, *but it will be meager to say the least.*

*Id.* (emphasis added). Despite repeated conferences regarding discovery between plaintiff and defendants' counsel and two court orders directing him to provide the relevant discovery, plaintiff has persisted in frustrating defendants' attempts to engage in meaningful discovery. The court notes that it is not unusual for opposing parties to disagree, sometimes vehemently, as to the relevance or propriety of discovery requests. There comes a point, however, where zealous advocacy of one's interests veers into simple bad faith. Plaintiff, for the reasons described above, has made that turn. Thus, sanctions are appropriate.

The court does not lightly undertake the recommendation of terminating sanctions. Nevertheless, they appear necessary in this case. Plaintiff has failed to timely and fully comply with this court's discovery orders, thus the first two of the Ninth Circuit's factors – the public's interest in expeditious resolution of litigation and the court's need to manage its docket - are met. *See Adriana Intl. Corp.*, 913 F.2d at 1412. And defendants have adequately shown a risk of prejudice. Failing to produce documents as directed by the court and unreasonable delay are both sufficient to show prejudice. *See In re: Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006).

/////

/////

/////

/////

While public policy does favor disposition of cases on the merits, courts have recognized that:

> [A] case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits. Thus, we have also recognized that this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction.

*Id.* at 1228. Given the two year span of frustrated discovery which may fairly be attributed to plaintiff, the court finds that this factor does not weigh in favor of a lesser sanction.

Finally, the court has previously considered less drastic sanctions to obtain plaintiff's compliance and found them wanting. Further, an explicit warning to plaintiff that failure to comply with discovery orders would result in dismissal have had little effect. In its March 15, 2017 order on defendants' motion to compel, the court wrote:

> Defendants' request for sanctions, however, is denied at this time. While plaintiff's failure to comply with the court's June 23, 2016 order requiring him to supplement his discovery responses lacks justification, *an award of costs or other monetary sanctions would be an ineffective deterrent and inappropriate here in light of plaintiff's indigent status.* . . . However, plaintiff is hereby admonished that his continued failure to cooperate in discovery or to comply with this order may result in evidentiary sanctions or even the dismissal of this case.

ECF No. 90 at 6 (emphasis added and internal citations omitted). This passage also demonstrates that plaintiff was, in no uncertain terms, warned about the possibility of terminating sanctions.

**IV. Conclusion**

Based on the foregoing, it is ORDERED that plaintiff's motion for extension of time (ECF No. 124) is DENIED as moot. It is further RECOMMENDED that defendants' motion for terminating sanctions (ECF No. 112) be GRANTED and this case be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 3, 2018.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE